Case 2:23-cv-00176   Document 6   Filed on 08/21/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CRISTIAN GARCIA NAVARRETE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00176 |
| | § | |
| WARDEN CARTER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Cristian Garcia Navarrete is in the custody of the U.S. Bureau of Prisons at FCI Three Rivers in Three Rivers, Texas. He filed this *pro se* petition for writ of habeas corpus seeking to have his conviction and sentence vacated. (D.E. 1, Page 7). His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Southern District of Texas, Houston Division.[1]

---

[1] Rule 4 of the Rules Governing § 2254 Cases provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id*. (quoting 28 U.S.C. § 2254 Rule 4). This power of the district court "is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" *Id.* (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes). The Rules Governing Section 2254 Cases in the United States District Courts instruct that the district court may apply any or all of those rules to a habeas corpus petition not covered by Rule 1(a). 28 U.S.C. § 2254 Rule 1(b). Such petitions include those filed under § 2241.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2241.  *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

On June 19, 2020, Petitioner was sentenced to 60 months incarceration followed by three years of supervised release after pleading guilty to illegal re-entry by a previously deported alien after a felony conviction pursuant to 8 U.S.C. § 1326(a) and (b)(1).  *United States v. Garcia-Navarrete*, No. 4:20-cr-32-1 (S.D. Tex. June 19, 2020) (Judgment in a Criminal Case).  Petitioner did not file an appeal or a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The Court received the pending petition seeking relief pursuant to § 2241 over three years later, on July 12, 2023.  (D.E. 1).

## III. PETITIONER'S CLAIMS

Petitioner filed this petition on a § 2241 form, asserting he is challenging the "lawfulness of 8 U.S.C. § 1326," asserting it violates the Fifth Amendment's guarantee of equal protection under the framework set forth by the Supreme Court in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), as § 1326 has a disparate impact on Latinx and Mexican individuals and there was a discriminatory intent when enacting the statute.  (D.E. 1, Pages 6, 13-18).[2]  Petitioner

---

[2]Petitioner also refers to *United States v. Carrillo-Lopez*, 555 F.Supp.3d 996 (D. Nev. 2021) as supporting his argument that 8 U.S.C. § 1326 is unconstitutional as it "disparately impacts Mexican and Latinx." (D.E. 1, Pages 17-18).  In that case, an illegal reentry charge was dismissed against a Mexican citizen on equal protection grounds and since that decision, there have been similar *Arlington Heights* challenges to § 1326 in dozens of other courts across the country.  However, the undersigned notes the United States Court of Appeals for the Ninth Circuit reversed and remanded the district court's decision on May 22, 2023, finding several clear errors related to the finding of

conclusory argues that remedy under 28 U.S.C § 2255 is inadequate or ineffective to challenge his conviction or sentence, asserting this Court has jurisdiction because his arguments establish that his "sentence, conviction and supervised release violates his substantive Fifth Amendment rights to equal protection." (D.E. 1, Pages 11-12). He requests his supervised release be terminated early and asserts his "sentence and conviction must be vacated." (D.E. 1, Page 7).

## IV.   PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458, 458 (5th Cir. 2013); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (Claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id.* A § 2255 motion must be filed in the sentencing court. *Id.*; *Eckles v. Chandler*, 574 F. App'x. 446, 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a federal sentence must

---

discriminatory animus. *United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023). Further, as discussed below, the United States Court of Appeals for the Fifth Circuit has considered similar challenges to be without merit.

either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claims are challenging the validity of his federal sentence. Because Petitioner's complaints relate to the merits of his conviction and sentence, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255. Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate or ineffective to test the legality of his conviction. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision that establishes that 2) Petitioner may have been convicted of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first § 2255 motion. Under that set of circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has not established that he can meet the requirements of the savings clause to file a § 2241 petition. Further, his arguments have been directly rejected by the United States Court of Appeals for the Fifth Circuit. *United States v. Hernandez-Lopez*, No. 22-20625, 2023 WL 4015227, at *1 (5th Cir. June 14, 2023) (Argument that § 1326 violates the Fifth Amendment's equal protection principles is foreclosed by the decision in *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 862 (5th Cir. 2022) (Finding §1326 does not violate the Constitution, specifically rejecting an *Arlington Heights* challenge to § 1326)); *United States v. Nolasco-Ariza*, No. 22-50943, 2023 WL 3222813, at *1 (5th Cir. May 3, 2023) (same).

Accordingly, it is recommended that Petitioner's habeas action be **DISMISSED** because he has not shown § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

## V.     RECOMMENDATION

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**. It is further recommended that Petitioner's cause of action not be characterized as motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255 given current Fifth Circuit precedent.

Respectfully submitted on August 21, 2023.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).